UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DELAROSA,<br>　　　　Plaintiff<br><br>　　v.<br><br>VILLAGE OF ROMEOVILLE, *et al.*,<br>　　　　Defendants | No. 23 CV 7049<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendants' motion to dismiss [32] is granted. The plaintiff's first amended complaint [21] is dismissed. Because there is no reasonable basis to believe that the deficiencies in the plaintiff's claims can be cured by amendment, the dismissal is with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts . . . have broad discretion to deny leave to amend . . . where the amendment would be futile."). Civil case terminated.

### STATEMENT[1]

Plaintiff Joseph DeLaRosa filed suit against the Village of Romeoville and several of its police officers,[2] alleging Fourth and Fourteenth Amendment violations under 42 U.S.C. § 1983, as well as state law violations.[3] (*See generally* R. 21 ("FAC").) The plaintiff's claims arise from his arrest and subsequent prosecution for the theft of welders and other construction equipment. (*Id.* ¶¶ 12, 38, 41.) The defendant officers observed one of the allegedly stolen welders from a window of the plaintiff's detached garage and relied on that observation to obtain a warrant for the search of the plaintiff's property. (*Id.* ¶¶ 19, 22, 27, 36.) On June 21, 2021, the state trial court granted the plaintiff's motion to suppress, finding the search warrant was tainted by the fruits of an unlawful search because the officers' garage-window observations occurred within the curtilage of the plaintiff's home. (*Id.* ¶ 42; *see also id.* at 109–13.) The prosecution thereafter dismissed the charges against the plaintiff. (*Id.* ¶ 42.)

---

[1] The Court accepts as true all well-pleaded facts in the first amended complaint for purposes of the motion to dismiss. *White v. United Airlines, Inc.*, 987 F.3d 616, 620 (7th Cir. 2021).
[2] The defendant officers named in the first amended complaint include Brant Hromadka, Mike Ryan, Dorsey, and Masterson. (FAC ¶¶ 5–8.)
[3] The Court has subject matter jurisdiction over the plaintiff's federal claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367.

Two years after the criminal charges were dismissed, the plaintiff initiated the instant suit in state court, (R. 1-1), which the defendants subsequently removed to federal court. (R. 1.) The plaintiff's federal constitutional claims include Fourth Amendment violations for unlawful search and seizure, unlawful pretrial detention, malicious prosecution, and fabricated evidence (Counts I–VI); Fourteenth Amendment due process violations for unlawful deprivation of liberty, property, and use of fabricated evidence (Counts XIII, XIV, XXI); and civil conspiracy to violate the plaintiff's federal constitutional rights (Count XVIII). The plaintiff's state law claims include violations of Article I, § 6 (Counts VII–XII) and Article I, § 2 (Counts XV–XVI) of the Illinois Constitution, common law conspiracy (Count XVII), intentional infliction of emotional distress (Count XIX), willful and wanton conduct (Count XX), and indemnification (Count XXII). The defendants move to dismiss the plaintiff's first amended complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 32.)

A motion to dismiss tests the sufficiency of a claim, not the merits of a case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff "must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). Dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Where, as here, the plaintiff is *pro se*, the Court accords a liberal reading of the complaint. See *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)).

<u>Fourteenth Amendment Due Process Claims.</u> The Court begins with the plaintiff's Fourteenth Amendment claims. The plaintiff alleges that the defendant officers violated his due process rights by unlawfully detaining him (Count XIII), seizing his property (Count XIV), and fabricating evidence (Count XXI). The defendants argue that Counts XIII and XIV should be dismissed because the plaintiff's remedy lies in the Fourth Amendment, and that Count XXI should be dismissed because the plaintiff cannot plausibly allege a deprivation of due process. (R. 33 at 11–12).

It is well established that "a substantive due process claim may not be maintained where a specific constitutional provision protects the right at issue." *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) (citation omitted). Here, Counts XIII and XIV implicate rights that are protected under the Fourth Amendment. In Count XIII, the plaintiff alleges a due process violation based on the defendants' allegedly false police reports that led to his pretrial detention. (FAC ¶ 93.) A § 1983 claim for unlawful pretrial detention "rests *exclusively* on the Fourth Amendment," not the

2

Fourteenth. *Lewis v. City of Chi.*, 914 F.3d 472, 478 (7th Cir. 2019) (emphasis in original). In Count XIV, the plaintiff alleges that his due process rights were violated by the unlawful seizure of his property. (FAC ¶ 94.) That, too, is grounded in the Fourth Amendment. *See Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 513 (7th Cir. 2020). Because the plaintiff's unlawful pretrial detention and unlawful seizure claims fall squarely within the ambit of the Fourth Amendment, Counts XIII and XIV are dismissed.

In Count XXI, the plaintiff alleges a due process violation based on the defendants' use of fabricated evidence to pursue his prosecution. (FAC ¶ 101.) The Court notes that, unlike wrongful pretrial detention claims based on fabricated evidence, fabrication-based wrongful conviction claims implicate due process. *See Lewis*, 914 F.3d at 479 ("[C]*onvictions* premised on deliberately fabricated evidence will always violate the defendant's right to due process.") (internal quotation marks and citation omitted) (emphasis in original). This case, however, does not involve a conviction. Rather, the plaintiff alleges that he was released five days after his arrest, and the criminal charges against him were later dismissed. (FAC ¶¶ 40, 42, 81.) The plaintiff's evidence fabrication claim thus does not arise under the Fourteenth Amendment. *See, e.g., Lewis*, 914 F.3d at 479–80 (explaining the due process clause was inapplicable because the plaintiff did not raise a claim of wrongful conviction); *Bianchi v. McQueen*, 818 F.3d 309, 319–20 (7th Cir. 2016) (explaining the plaintiff could not make out an evidence fabrication-based due process violation where he was released on bond following his arrest and acquitted at trial). Instead, as will be discussed below, the appropriate vehicle for the plaintiff's fabrication claim is the Fourth Amendment. *See, e.g., Sneed v. Vill. of Lynwood*, No. 22 C 266, 2022 WL 5116464, at *3 (N.D. Ill. Oct. 4, 2022) (dismissing malicious prosecution claim under the Fourteenth Amendment, but allowing it to proceed under the Fourth Amendment). Accordingly, Count XXI is dismissed.

<u>Fourth Amendment Unlawful Search and Seizure Claims.</u> Next, the plaintiff alleges that the defendants unlawfully searched his person (Count II) and home (Count III), and seized his property (Count V) without probable cause in violation of the Fourth Amendment. The defendants contend that these claims must be dismissed as time-barred. (R. 33 at 9–10.)

While a plaintiff need not anticipate and plead around affirmative defenses in the complaint, "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)). The plaintiff's Fourth Amendment claims are governed by Illinois' statute of limitations for personal injury claims. *See Neita v. City of Chi.*, 830 F.3d 494, 498 (7th Cir. 2016). Under Illinois law, the statute of limitations for personal injury actions is two years from when the cause of action accrued. *Id.* (citing 735 ILCS 5/13-202). For Fourth Amendment search and

3

seizure claims, accrual occurs "at the time of the search or seizure." *Id.* (citing *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). Subsequent criminal proceedings or incarceration do not ordinarily toll the limitations period. *See Evans v. Poskon*, 603 F.3d 362, 363–64 (7th Cir. 2010); *Beck v. City of Chi.*, No. 20 C 5329, 2020 WL 7353405, at *5 (N.D. Ill. Dec. 15, 2020).

Here, the first amended complaint alleges that the unlawful search and seizure occurred on January 3, 2017. (FAC ¶¶ 35–36, 38–39.) The plaintiff, however, did not file his initial complaint until June 21, 2023, more than four years after the statute of limitations had run. (*See* R. 1-1.) The plaintiff's argument that he was precluded from bringing his claims earlier under *Heck v. Humphrey*, 512 U.S. 477 (1994) is unavailing. *See Evans*, 603 F.3d at 363–64 ("Many claims that concern how police conduct searches or arrests are compatible with a conviction.") Counts II, III, and V are therefore dismissed as time-barred.

<u>Fourth Amendment Unlawful Detention and Malicious Prosecution.</u> The plaintiff also invokes the Fourth Amendment to assert unlawful detention and malicious prosecution claims based on evidence fabrication. He alleges that the defendants fabricated the police reports, an affidavit submitted to obtain a search warrant, and the grand jury testimony, resulting in his unlawful detention and the commencement of criminal proceedings without probable cause. (FAC ¶¶ 81, 84, 86.)

Allegations of wrongful arrest and detention (Count I) and pursuit of charges without probable cause (Counts IV and VI) are actionable under the Fourth Amendment, *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 365 (2017) ("The Fourth Amendment . . . establishes the minimum constitutional 'standards and procedures' not just for arrest but also for ensuing 'detention.'"), and support a theory of malicious prosecution. *See Thompson v. Clark*, 596 U.S. 36, 42 (2022)[4] (recognizing malicious prosecution, "sometimes referred to as a claim for unreasonable seizure pursuant to legal process," as actionable under the Fourth Amendment). A Fourth Amendment claim for malicious prosecution accrues when the underlying criminal prosecution is terminated without a conviction; in this case, June 21, 2021. *See Smith v. City of Chi.*, No. 19-2725, 2022 WL 2752603, at *1 (7th Cir. July 14, 2022), *amended on denial of*

---

[4] In the aftermath of *Thompson*, it is unclear whether Fourth Amendment pretrial detention and malicious prosecution claims are one in the same or "separate but related actions." *Bolden v. Pesavento*, 17 C 417, 2024 WL 1243004, at *28 (N.D. Ill. Mar. 23, 2024). The defendants advocate for a distinction and argue that any Fourth Amendment claims premised on unlawful pretrial detention (*e.g.,* Counts I and VI) should be dismissed as time-barred. (R. 33 at 9–10.) But Counts I and IV, like Count VI, contain allegations that implicate a Fourth Amendment malicious prosecution theory. *See, e.g., Franklin v. Askew*, No. 19 C 4375, 2022 WL 17093358, at *4 (N.D. Ill. Nov. 21, 2022). Thus, regardless of whether there is a distinction, these claims can move forward, assuming they're supported by plausible factual allegations, under a theory of malicious prosecution. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) (". . . Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims.") (emphasis omitted); *Harper v. C. Wire, Inc.*, No. 19 C 50287, 2020 WL 11422783, at *2 (N.D. Ill. Sept. 17, 2020) (explaining that as long as some plausible theory of relief is identified to support a claim, "that claim may move forward and a motion to dismiss other legal theories must be denied.").

4

*reh'g,* No. 19-2725, 2022 WL 19572962 (7th Cir. Aug. 4, 2022) (reversing dismissal of Fourth Amendment claim where timeliness was measured from plaintiff's release on bond rather than acquittal date). There is thus no timeliness issue apparent from the face of the first amended complaint as to these claims.

The question then is whether the plaintiff has plausibly alleged a Fourth Amendment malicious prosecution claim. To state such a claim, his allegations must at least show that the prosecution was initiated without probable cause and ended without a conviction. *Thompson*, 596 U.S. at 49; *see also Lee v. Harris,* 21 C 50199, 2023 WL 8701081, at *3 (N.D. Ill. Dec. 15, 2023). The defendants argue that the plaintiff has pleaded himself out of court in light of the state court transcripts, the police reports, and the search warrant that he attached to his first amended complaint which show that there existed probable cause for his arrest and resulting prosecution. (R. 33 at 12–14.) The Court agrees.

As a threshold matter, the Court can consider the documents attached to the plaintiff's first amended complaint in ruling on the motion to dismiss. *See Amin Ijbara Eq. Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 n.2 (7th Cir. 2017). "[W]here a plaintiff attaches documents and relies upon the documents to form the basis for a claim or part of a claim, dismissal is appropriate if the document negates the claim." *Thompson v. Ill. Dep't. of Prof. Regul.*, 300 F.3d 750, 754 (7th Cir. 2002). Such is the case here. The basis of the plaintiff's malicious prosecution claim is that the defendants falsely reported that they observed one of the stolen welders in the plaintiff's garage, and this fabricated report was used to obtain a search warrant and pursue criminal charges against the plaintiff. (FAC ¶¶ 22, 27–28, 30.) The issue with these allegations, however, is that the documents attached to the first amended complaint show that the defendants' investigation of a Facebook post advertising the stolen welders for sale led the officers to the plaintiff's residence where they observed what appeared to be one of the stolen welders from the window leading to the plaintiff's garage. (*Id.* at 109–13, 136–37.) This led to a more fulsome search pursuant to a warrant and, ultimately, the plaintiff's arrest after the defendants discovered the stolen items at his residence. (*Id.* at 122–24, 138–40).

The plaintiff's attachments thus undermine and render implausible the plaintiff's allegation that his arrest and subsequent prosecution were not supported by probable cause. *See Young v. City of Chi.*, 987 F.3d 641, 644 (7th Cir. 2021) ("[P]robable cause is a common-sense inquiry requiring only a probability of criminal activity; it exists whenever an officer or a court has enough information to warrant a prudent person to believe criminal conduct has occurred.") (internal quotation marks and citation omitted). The fact that the evidence of the stolen items was the fruit of an illegal search does not make it any less relevant to establishing probable cause for the plaintiff's prosecution because "the exclusionary rule does not apply in a civil suit under § 1983 against police officers." *Martin v. Martinez*, 934 F.3d 594, 599 (7th Cir. 2019). In other words, an officer's prior violation of the Fourth Amendment does not

5

invalidate probable cause that he subsequently develops. *Id.* Because the defendants had probable cause to pursue criminal charges against the plaintiff, Counts I, IV, and VI are dismissed. The Court also dismisses Count XVIII, the plaintiff's § 1983 conspiracy claim, because he has failed to plausibly allege a constitutional violation. *See Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982) (holding that "an actual denial of a civil right is necessary before a cause of action [for conspiracy] arises").

<u>State-Law Claims.</u> Finally, the plaintiff brings state law claims for evidence fabrication (Count VII), malicious prosecution (Counts VIII and XII), unlawful arrest (Count IX), unlawful search (Count X), and unlawful seizure of property (Count XI) in violation of Article I, § 6 of the Illinois Constitution; unlawful deprivation of property (Count XV) and liberty (Count XVI) in violation of Article I, § 2 of the Illinois Constitution; common law conspiracy (Count XVII); intentional infliction of emotional distress (Count XIX); willful and wanton conduct (Count XX); and indemnification (Count XXII). The defendants argue that the plaintiff's state law claims are subject to the one-year statute of limitations under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("TIA"), 745 ILCS 10/1-101 *et seq.*, and consequently are time-barred. (R. 33 at 9.)

The TIA applies to civil actions brought against a local governmental entity (here, the Village of Romeoville) and its employees (the defendant officers). 745 ILCS 10/8-101(a). Under the TIA, civil actions must be brought "within one year from the date that the injury was received or the cause of action accrued." *Id.*; *see also Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003) ("Generally, a limitations period begins to run when facts exist that authorize one party to maintain an action against another."). "While the two-year period still applies to § 1983 claims against" local governmental entities and their employees, the TIA's "one-year period applies to state-law claims that are joined with a § 1983 claim" against such defendants. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Here, the latest possible accrual date alleged in the plaintiff's first amended complaint is June 21, 2021, the date on which the criminal charges against him were dismissed. (FAC ¶ 42.) The plaintiff, however, did not initiate this action until June 21, 2023, (R. 1-1), well beyond the expiration of the one-year limitations period. Accordingly, the plaintiff's state law claims are time-barred under the TIA. *See, e.g., Houston v. City of Chi.*, No. 20 C 6720, 2024 WL 278999, at *2 (N.D. Ill. Jan. 25, 2024). Counts VII, VIII, IX, X, XI, XII, XV, XVI, XVII, XIX, XX, XXII are therefore dismissed.[5]

Date: <u>4/11/2024</u>

JEREMY C. DANIEL
United States District Judge

---

[5] Because none of the plaintiff's claims are moving forward, the Court does not reach the defendants' request to strike paragraph 24 of the first amended complaint. (*See* R. 33 at 15.)